**UNITED STATES v. COHEN et al.**
**Criminal No. 16607.**

District Court, D. Massachusetts.

Nov. 30, 1944.

Edmund J. Brandon, U. S. Atty., and Alfred G. Malagodi, Asst. U. S. Atty., both of Boston, Mass., for plaintiff.

Max L. Rosenstein, of Newark, N.J., for defendant.

FORD, District Judge.

The indictment in this case (returned April 5, 1944) charges the defendant with conspiracy, Criminal Code, Section 37, 18 U.S.C.A. § 88, to violate Section 29, sub. b (4) of the Bankruptcy Act, 11 U.S.C.A. § 52, sub. b(4). Section 29, sub. b(4), denounces the following conduct as an offense: Knowingly and fraudulently receiving any material amount of property from a bankrupt *after the filing of a proceeding* under the Bankruptcy Act, with intent to defeat the Act.

The indictment alleges: (1) That an involuntary petition in bankruptcy was filed against Ralph A. Freundlich, Inc. (hereinafter called Freundlich), a Massachusetts corporation, on or about *April 17, 1941;* (2) that the defendants, creditors of Freundlich, are partners and proprietors of the Natco Products Company, of New York; (3) that on *April 7, 1941,* and continuously to the date of the indictment the defendants knowingly and fraudulently conspired to receive certain merchandise from Freundlich, with intent to defeat the Bankruptcy Act. Several overt acts are alleged to have been committed to accomplish the objects of the alleged conspiracy.

The defendants by demurrer have challenged the indictment principally on the following grounds: (1) No offense charged; (2) vagueness and duplicity; and (3) improper venue.

The gravamen of the charge made by the government here is that on April 7, 1941, and continuously to the date of the indictment the defendants conspired to received certain merchandise from the Freundlich corporation with intent to defeat the Bankruptcy Act.

■ To convict a defendant under Section 29, sub. b (4), it is necessary to show receipt of or conspiracy to receive, knowingly and fraudulently, a material amount of property from a bankrupt *after the filing of a proceeding under the Act,* with intent to defeat the Act. Collier on Bankruptcy, 14th Ed., Vol. 2, Par. 29.08, p. 1187.

■ In the instant indictment there is no allegation of the necessary element of the offense that a conspiracy existed that had for its object the receipt of goods from Freundlich, as a bankrupt, *after the filing of a proceeding under the Act.* If the allegation in the first overt act of delivery of the goods on April 7 is considered, the charge in the indictment could be interpreted as a conspiracy formulated on April 7 and consummated on that date to receive goods from Freundlich *before* any proceeding had been filed. Freundlich did not become a bankrupt by virtue of the involuntary petition until April 17, Chap. I, Sec. 1 (4), of the Bankruptcy Act, 11 U.S.C.A. § 1(4). The allegation that the conspiracy continued until the date of the indictment does not save it, since the nature of the conspiracy as alleged here is not clearly a plan to receive goods after a proceeding had been filed but rather a plan to

receive merchandise before bankruptcy. A plan to receive goods before bankruptcy, where the defendants are creditors, connotes an agreement to prefer those creditors. Preferences are not denounced as criminal acts by Section 29, sub. b(4), of the Bankruptcy Act.

If the allegations of the indictment were intended as a charge that the plan was formed in anticipation of Freundlich going into bankruptcy and then to receive property from it as a bankrupt after the proceeding had been filed, a criminal conspiracy would be set out. If that is the conduct of the defendants the government has intended to set forth in its indictment, I am forced to conclude it has not done so.

It may be finally stated that the mildest criticism that can be made of the indictment is that it is vague and indefinite with respect to the exact nature of the conspiracy charged.

The conclusion already reached makes it unnecessary to consider the second and third grounds of the demurrer.

Demurrer sustained on the ground the indictment does not charge a crime cognizable by this court. Indictment dismissed.